# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| ANTHONY CAMUSO and GAIL BOONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARION LLC aka STARION ENERGY, INC., a Connecticut,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Anthony Camuso ("Camuso" or "Plaintiff Camuso") and Plaintiff Gail Boone ("Boone" or "Plaintiff Boone")[1] bring this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Starion LLC aka Starion Energy, Inc. ("Starion" or "Defendant "Starion") to: (1) stop their practice of placing calls using an artificial or prerecorded voice to the residential telephone numbers of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place prerecorded telephone calls to consumers who did not provide their prior express consent to receive them, (3) stop their practice of making calls to consumers registered on the national do not call registry without their consent, and (4) obtain redress for all persons injured by their conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to

---

[1] Plaintiff Camuso and Plaintiff Boone will be sometimes collectively referred to as "Plaintiffs."

1

all other matters, upon information and belief, including investigation conducted by their attorneys.[2]

## PARTIES

1. Plaintiff Anthony Camuso is a natural person and resides in Malden, Massachusetts.

2. Plaintiff Gail Boone is a natural person and resides in York, Pennsylvania.

3. Defendant Starion is a company with its principal office address at 751 Straits Turnpike, 2nd floor, Middlebury, Connecticut 06762.[3] Defendant Starion does business throughout the United States, including the State of Massachusetts, and in this District.

## JURISDICTION & VENUE

4. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331 as the action arises under the Telephone Consumer Protection Act, 47 U.S.C § 227 *et seq*., which is a Federal statute.

5. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant regularly conduct business in the State of Massachusetts and in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff Camuso resides in this District, Defendant conduct a significant amount of business within this District and market to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

7. Senator Hollings, one of the original sponsors of the Telephone Consumer

---

[2] Residential telephone numbers will be referred to herein as "Landlines."
[3] https://www.concord-sots.ct.gov/CONCORD/online?sn=PublicInquiry&eid=9740.

Protection Act ("TCPA"), described [robocalls] as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone cord out of the wall." 137 Cong. Rec. 30, 821 (1991). Thus, the TCPA was enacted to empower the private citizen and protect the privacy (and perhaps the sanity) of consumers nationwide.

8. But, unfortunately, illegal robocalls continue to increase and further invade the privacy of millions of consumers. Last year, in 2016, 4 million complaints related to robocalling were lodged with the Federal Communications Commission (the "FCC").[4] This number is markedly higher than the previous year, which yielded 2.6 million complaints (which rose from the year before that).[5] Notably (and inauspiciously), many consumers who have been subjected to illegal robocalling activity do not report each instance of illegal robocalling activity, and the actual number of consumers affected by illegal robocalls *could be close to 10 million*.

9. Defendant Starion is a supplier of electricity and natural gas to residential and business consumers.

---

[4] *National Do Not Call Registry Data Book FY 2016, October 1, 2015 - September 30, 2016,* FEDERAL TRADE COMMISSION (Dec. 2016), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2016/dnc_data_book_fy_2016_post.pdf; *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwated-Calls/vakf-fz8e.

[5] *National Do Not Call Registry Data Book FY 2015,* FEDERAL TRADE COMMISSION (Nov. 2015), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2015/dncdatabookfy2015.pdf: *Consumer Complaints Data - Unwanted Calls, FCC - Open Data,* FEDERAL COMMUNICATIONS COMMISSION, https://opendata.fcc.gov/Consumer-and-Government-Affairs/Consumer-Complaints-Data-Unwanted-Calls/vakf-fz8e; *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones,* FEDERAL COMMUNICATIONS COMMISSION, https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf; *National Do Not Call Registry Data Book FY 2014,* FEDERAL TRADE COMMISSION (Nov. 2014), https://www.ftc.gov/system/files/documents/reports/national-do-not-call-registry-data-book-fiscal-year-2014/dncdatabookfy2014.pdf.

10. Defendant Starion regularly employs unsolicited marketing as a way to increase its consumer base and gain an advantage over its competitors.

11. To that end, Defendant Starion utilizes the telephone number 203-989-3124 (the "3124 Number") to make the unsolicited telemarketing calls. Several complaints online identify the 3124 Number as belonging to Defendant Starion, as shown below:[6]

- Call from Starion to give customers reduced delivery charge of electricity[7]

- This number harassing us every day!!!! We do not like being clients of Starion Energy!!!! Please stop this harassment!!!![8]

- This call is from Starion Energy, wanting to enroll customers in their electricity services.[9]

- They want to sell you cheaper energy - Starion Energy (Service)[10]

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet, in violation of this rule, Defendant Starion fails to obtain any prior express consent, written or otherwise, to make the prerecorded telemarketing calls described herein to Landlines.

---

[6] The bulleted list comes from the following websites: http://800notes.com, http://www.callercenter.com and https://www.shouldianswer.com when searching "1-203-989-3124[.]"

[7] http://800notes.com/Phone.aspx/1-203-989-3124.

[8] http://www.callercenter.com/203-989-3124.

[9] *Id.*

[10] https://www.shouldianswer.com/phone-number/2039893124.

4

14. In fact, consumer complaints about Defendant Starion's invasive and repetitive calls are legion with respect to its illegal widespread calling activities. As a sample, consumers have complained as follows:

- "Call from Starion to give customers reduced delivery charge of electricity."[12]

- "They call everyday between 10 am to 11am . Some days they say there from Stanford ct and then other times they've said this is a electric company and sometimes they wait for me to pick up and they hang up."[13]

- "I get almost daily calls from this number and there is never anyone on the other side. I hear a few clicks and the phone hangs up after a few seconds."[14]

- "I get a call every day from 3-4 PM. Never anyone there. Very annoying."[15]

- "I have been getting calls from 203-989-3124 almost daily for months. Nobody is ever on the line when I answer it - but if they were - I'd tell them to STOP CALLING me!!!"[16]

- "They want to sell you cheaper energy - Starion Energy (Service)."[17]

15. Telemarketers who wish to avoid calling numbers listed on the National Do Not Call Registry can easily and inexpensively do so by "scrubbing" their call lists against the National Do Not Call Registry database. The scrubbing process identifies those numbers on the National Do Not Call Registry, allowing telemarketers to remove those numbers and ensure that no calls are placed to consumers who are registered on the do not call registry.

16. To avoid violating the TCPA by calling registered numbers, telemarketers must scrub their call lists against the Registry at least once every thirty-one days. *See* 16 C.F.R. §

---

[12] http://800notes.com/Phone.aspx/1-203-989-3124.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] https://www.shouldianswer.com/phone-number/2039893124.

310.4(b)(3)(iv).

17. When placing its telemarketing calls to consumers, Defendant Starion failed to get the prior express written consent required by the TCPA of the call recipients as required by the TCPA to make such calls.

18. Furthermore, Defendant Starion calls consumers who have no "established business relationship," t, and Defendant Starion failed to scrub its lists to ensure that it was not placing calls to persons whose numbers were registered on the Do Not Call Registry. As a result, it called persons whose numbers were registered on the Do Not Call Registry.

19. Defendant Starion knowingly made (and continues to make) prerecorded telemarketing calls to Landlines without the prior express written consent of the call recipients. As such, Defendant Starion not only invaded the personal privacy of Plaintiffs and other members of the putative Classes but also intentionally and repeatedly violated the TCPA while at the same time ignoring the purpose of the National Do Not Call Registry.

**FACTS SPECIFIC TO PLAINTIFF ANTHONY CAMUSO**

20. On June 30, 2003, Plaintiff Camuso's Landline telephone number was registered on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls.

21. On or around September of 2017, Plaintiff Camuso began receiving a series of telemarketing calls from the 3124 Number.

22. Plaintiff Camuso received unwanted calls from the 3124 Number on the following dates and times: 1.) September 29, 2017 at 10:41 a.m.; 2.) October 9, 2017 at 11:20 a.m.; 3.) October 10, 2017 at 3:48 p.m.; 4.) October 11, 2017 at 3:12 p.m.; 5.) October 12, 2017 at 12:10 p.m.; 6.) October 13, 2017 at 1:49 p.m.; and 7.) October 16, 2017 at 1:07 p.m.; October 18, 2017 at 9:44 a.m.; and 8.) October 20 at 9:30 a.m.

23. A screenshot of Plaintiff Camuso's caller ID reflecting Defendant Starion's September 29th call is shown below.



24. Upon investigation by Plaintiff's attorneys, when calling the 203-989-3124 an agent answers the calls and identifies that they are Starion calling to solicit consumers to use their service.

25. All of the telephone calls from Starion were made to solicit Plaintiff Camuso to purchase and utilize Defendant Starion's products and/or services.

26. Plaintiff Camuso never consented to receive calls from Starion.

**FACTS SPECIFIC TO PLAINTIFF GAIL BOONE**

27. On July 16, 2003, Plaintiff Boone's Landline telephone number was registered on the National Do Not Call Registry to avoid receiving unsolicited prerecorded telemarketing calls on her Landline telephone.

28. On or around the middle of 2016, Defendant Starion made several unsolicited

prerecorded telemarketing calls to Plaintiff Boone from the 3124 Number.[20]

29. All of the prerecorded telephone calls from Defendant Starion were made to solicit Plaintiff Boone to purchase and/or otherwise utilize Defendant Starion's services.

30. At no time did Plaintiff Boone consent to the receipt of prerecorded calls to her landline telephone from Defendant Starion.

31. The aforementioned prerecorded message was created/controlled and/or otherwise used by Defendant Starion to promote its products and services.

32. By making unauthorized prerecorded telephone calls as alleged herein, Defendant Starion has caused consumers actual harm. In at least one case, a consumer could be subjected to multiple, repeating unsolicited prerecorded calls because Defendant Starion fails to obtain a consumer's prior express consent to be called. Defendant Starion caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls and a loss of value realized for the monies consumers paid to their telephone service providers for the receipt of such calls. Furthermore, the calls interfered with Plaintiffs' and the other Class members' use and enjoyment of their telephones and hardware components. Defendant Starion also caused substantial injury to their phones by causing wear and tear on their property, in addition to the invasion of privacy and nuisance of having to answer such unsolicited calls.

33. To redress these injuries, Plaintiffs, on behalf of themselves and the Classes of similarly situated individuals alleged in this Complaint, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed calls to Landlines.

---

[20] Defendant Starion's name appeared on Plaintiff Boone's caller ID each time the 3124 Number called.

34. On behalf of the Classes, Plaintiffs also seek an injunction requiring Defendant to cease all unsolicited and unauthorized prerecorded calling activities and an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees to be paid from a common fund established for the benefit of the Classes.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of themselves and the two Classes defined as follows:

> **Landline Telephone Prerecorded No Consent Class**: All persons in the United States from the four years prior to the filing of the instant action whom (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's landline, (3) for the purpose of selling Defendant Starion's products and services, (4) using a prerecorded voice, and (5) for whom Defendant claim they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiff Boone.
>
> **Do Not Call Registry Class**: All persons in the United States whom (1) Defendant (or a third person acting on behalf of Defendant) called more than one time on his/her phone; (2) within any 12-month period (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant Starion's products and services; and (5) for whom Defendant claim they obtained prior express written consent in the same manner as Defendant claim they obtained prior express consent to call the Plaintiffs.

36. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiffs anticipate needing to amend the class definitions following

reasonable and appropriate class discovery.

37. On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

38. There are several questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Class members that may be answered in a single stroke include but are not limited to the following:

   a. whether Defendant conduct constitutes a violation of the TCPA;

   b. whether Defendant utilized a prerecorded voice to place prerecorded calls to members of the Pre-recorded Class;

   c. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant' conduct;

   d. whether Defendant systematically made multiple telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry; and

   e. whether Plaintiffs and the members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant' conduct.

39. The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Classes are the same, resulting in injury to the Plaintiffs and to all of the other members of the Classes, including the annoyance and aggravation associated with such prerecorded calls as well as the temporary inability to enjoy and use their telephones, as a result of the transmission of the prerecorded calls alleged herein. Plaintiffs and the other members of the Classes have all suffered harm and damages as a result of Defendant' unlawful and wrongful

conduct of placing prerecorded calls. Plaintiffs' claims are typical of the claims of the members of the Classes as all members of the Classes are similarly affected by Defendant's wrongful conduct. Plaintiffs, like other members of the Classes, received unsolicited prerecorded calls from Defendant. Plaintiffs are advancing the same claims and legal theory on behalf of themselves and all absent members of the Classes.

40. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiffs' claims are made in a representative capacity on behalf of the other members of the Classes. Plaintiffs have no interest antagonistic to the interests of the other members of the proposed Classes and is subject to no unique defenses. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their Counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor their Counsel has any interest adverse to those of the other members of the Classes.

41. The suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted, and/or has refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to discontinue placing unsolicited and unauthorized prerecorded calls to the public. Likewise, Defendant has acted and fails to act on grounds generally applicable to the Plaintiffs and the other members of the Classes in placing the prerecorded calls at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

42. In addition, this suit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to all other available methods for the

fair and efficient adjudication of this controversy. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication. The claims asserted herein are applicable to all consumers throughout the United States who received an unsolicited and unauthorized prerecorded call from Defendant. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Classes individually to redress effectively the wrongs done to them. Even if the members of the Classes could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43. Adequate notice can be given to the members of the Classes directly using information maintained in Defendant' records or through notice by publication.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Boone and the Landline Telephone Prerecorded No Consent Class)**

44. Paragraphs 1-19 and 27-43 are re-alleged and incorporated by reference herein.

45. Defendant Starion made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff Boone and the other members of the Landline

Telephone Prerecorded No Consent Class on their Landlines in an effort to sell its products and services using a prerecorded voice as defined in the TCPA.

46. Defendant Starion failed to obtain any prior express written consent from Plaintiffs before making the pre-recorded calls.

47. By making unsolicited telephone calls to Plaintiff Boone and members of the Landline Prerecorded No Consent Class's Landlines using a prerecorded voice, Defendant Starion violated 47 U.S.C. § 227(b)(1)(B) by doing so without prior express written consent as required.

48. As a result of Defendant Starion's unlawful conduct, Plaintiff Boone and the members of the Landline Telephone Prerecorded No Consent Class under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

49. Should the Court determine that Defendant Starion's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Boone and the other members of the Landline Telephone Prerecorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the Do Not Call Registry Class)**

50. Paragraphs 1-43 are re-alleged and incorporated by reference herein.

51. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to

avoid receiving telephone solicitations to which they object.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

54. Defendant Starion violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiffs and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant Starion, as set forth in 47 C.F.R. § 64.1200(d)(3).

55. Defendant Starion also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

56. Defendant Starion made more than one unsolicited telephone call to Plaintiffs and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiffs and other members of the Do Not Call Registry Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant Starion does not have a current record of consent to place telemarketing calls to them.

57. Defendant Starion violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and/or wireless telephone subscribers, such as Plaintiffs and

the Do Not Call Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

58. Defendant Starion violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant Starion's conduct as alleged herein, Plaintiffs and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

59. To the extent Defendant Starion's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and the Classes, pray for the following relief:

    A.    An order certifying the Classes as defined above, appointing Plaintiffs as the representatives of their respective Classes, and appointing their counsel as Class Counsel;

    B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

    C.    An order declaring that Defendant' actions, as set out above, violate the TCPA;

    D.    An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

E. An order requiring Defendant to identify any third-party involved in the prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

F. An injunction requiring Defendant to cease all unsolicited prerecorded calling activities, and otherwise protecting the interests of the Classes;

G. An injunction prohibiting Defendant from using, or contracting the use of, a system capable of making pre-recorded calls without obtaining, and maintaining records of, call recipient's appropriate prior express consent to receive calls made with such equipment;

H. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until it establishes and implements policies and procedures for ensuring the third-party's compliance with the TCPA;

I. An injunction prohibiting Defendant from conducting any future telemarketing activities until it has established an internal Do Not Call List as required by the TCPA;

J. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

K. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can be so tried.

Dated: November 8, 2017

**ANTHONY CAMUSO and GAIL BOONE**, individually, and on behalf of all others similarly situated,


By: __/s/Jason Campbell
One of Plaintiffs' Attorneys

Jason Campbell Esq.
250 First Avenue, Unit 602
Charlestown, MA 02129

(617) 872-8652
JasonCampbell@ymail.com

Stefan Coleman*
(Law@stefancoleman.com)
Law Offices of Stefan Coleman, P.A.
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Manuel S. Hiraldo (FL 0030380)*
mhiraldo@hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Counsel for Plaintiff and the Putative Classes*

*\*Admission Pro Hac Vice*